IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETAPP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VALTRUS INNOVATIONS LTD. and KEY PATENT INNOVATIONS LTD.,<br><br>Defendants. | Civil Action No. 1:25-cv-6138<br><br>JURY TRIAL DEMANDED |

## ORIGINAL DECLARATORY JUDGMENT COMPLAINT

Plaintiff NetApp, Inc. ("NetApp"), based on personal knowledge as to its own actions and upon information and belief as to all other matters, files this Declaratory Judgment Complaint against Defendants Valtrus Innovations Ltd. ("Valtrus") and Key Patent Innovations Ltd. ("KPI") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action by NetApp seeking a determination that it does not infringe any claim of six U.S. Patents, including Patent Nos. 8,370,416 ("the '416 Patent" – attached as Exhibit 1), 8,370,571 ("the '571 Patent" – attached as Exhibit 2), 7,904,686 ("the '686 Patent" – attached as Exhibit 3), 7,856,488 ("the '488 Patent" – attached as Exhibit 4), 7,120,832 ("the '832 Patent" – attached as Exhibit 5), and 7,640,332 ("the '332 Patent" – attached as Exhibit 6) (collectively, the "Patents-in-Suit").

## PARTIES

2. Plaintiff NetApp, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 3060 Olsen Drive, San Jose, California 95128.

3. Defendants state that Valtrus is the successor-in-interest to a substantial patent portfolio, including the Patents-in-Suit, created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Defendants further state that Valtrus is an Irish entity duly organized and existing under the laws of Ireland, and that the address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland. *Valtrus Innovations Ltd. v. NetApp, Inc.*, Case No. 2:25-cv-00517, Compl. ¶ 1, Dkt. 1 (E.D. Tex. May 9, 2025) (the "Texas Complaint").

4. Defendants state that KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Patents-in-Suit, that KPI is an Irish entity duly organized and existing under the laws of Ireland, and that the address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland. *Id.* ¶ 2.

5. Defendants claim that they "are the sole and exclusive owner of all legal right, title, and interest" in the Patents-in-Suit, that they "hold the exclusive right to take all actions necessary to enforce their rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit," and that they "have the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law." *Id.* ¶ 18.

## JURISDICTION

6. This is a complaint for declaratory relief under the patent laws of the United States, Title 35, United States Code. This Court's jurisdiction is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

7. On May 9, 2025, Defendants filed a complaint in the Eastern District of Texas, Case No. 2:25-cv-00517-JRG, alleging that NetApp infringes the Patents-in-Suit. NetApp denies

that it infringes any claim of the Patents-in-Suit. An actual and justiciable controversy exists between NetApp and Defendants regarding the Patents-in-Suit.

8. This Court has personal jurisdiction over Defendants here. Defendants have availed themselves of the laws of the United States by asserting the Patents-in-Suit against NetApp in the Eastern District of Texas and by seeking to enforce those patents against NetApp, which has substantial business operations in this District. For example, NetApp maintains a regular and established place of business at 66 Hudson Boulevard, Suite 5320, New York, NY 10001, within this District.[1]

9. Upon information and belief, Defendants have engaged in conduct within or directed to this District giving rise to the claims asserted herein. For example, upon information and belief, Defendants negotiated with (and possibly entered into agreements with) companies based in this District to secure funding for the acquisition of a patent portfolio from HPE that included the Patents-in-Suit and to obtain financial backing for the enforcement and litigation of patents in the portfolio. In addition, upon information and belief Defendants have negotiated with (and possibly entered into agreements with) companies based in this District for licenses related to the patent portfolio from HPE that included the Patents-in-Suit.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)-(c) and 1400(b) because, among other reasons, Defendants are foreign companies and as such may be sued in any judicial district in the United States in which Defendants are subject to the Court's personal jurisdiction; Defendants have conducted business in this District; or a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,370,416

---

[1] https://www.netapp.com/company/branch-office-locations/.

**ORIGINAL DECLARATORY JUDGMENT COMPLAINT**　　　　　　　　　　　　　　　　　　**PAGE 3**

11. NetApp incorporates and realleges the foregoing paragraphs.

12. Defendants allege that NetApp's products including its Cluster Management ONTAP infringe the '416 Patent. Texas Complaint, ¶ 28.

13. NetApp does not infringe, and has not infringed, any claim of the '416 Patent, either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents.

14. For example, method claim 1 of the '416 Patent—which Defendants allege that NetApp infringes—recites in part "storing license information for a computing cluster in a memory module associated with a computing node, wherein the licensing information includes a bundle-type parameter that identifies a size of the cluster and at least one additional bundle-type characteristic of the cluster, and one or more node license parameters that identifies a characteristic of a computing node" and "activating the computing cluster when the computing cluster includes a number of nodes that complies with the bundle-type parameter." Ex. 1 at 9:57-67.

15. But NetApp's Cluster Management ONTAP at least does not store license information with a bundle-type parameter that identifies a size of the cluster and at least one additional bundle-type characteristic of the cluster. Neither does NetApp's Cluster Management ONTAP activate the computing cluster when the computing cluster includes a number of nodes that complies with the bundle-type parameter. Thus, NetApp's Cluster Management ONTAP does not meet the limitations of at least claim 1.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NetApp requests a declaration by the Court that it does not infringe, and has not infringed, any claim of the '416 Patent, either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents.

**COUNT II**
**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,370,571**

17. NetApp incorporates and realleges the foregoing paragraphs.

18. Defendants allege that NetApp's products including its systems using NetApp SANtricity on E-Series controllers infringe the '571 Patent. Texas Complaint, ¶ 46.

19. NetApp does not infringe, and has not infringed, any claim of the '571 Patent, either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents.

20. For example, method claim 12 of the '571 Patent—which Defendants allege that NetApp infringes—recites in part "receiving, by a first of the storage controllers that is currently an owner of the storage volume, client requests from one or more client computers and proxy requests from one or more other storage controllers in the cluster" and "based on numbers of the client requests and the proxy requests, determining that a transfer of ownership is to be performed from the first storage controller to a second storage controller in the cluster, wherein the determining comprises determining that the second storage controller has provided a higher number of proxy requests for the storage volume than the number of the client requests." Ex. 2 at 8:20-31.

21. But NetApp's systems using SANtricity on E-Series controllers at least do not receive, by a first of the storage controllers that is currently an owner of the storage volume, proxy requests from one or more other storage controllers in the cluster. Neither do such systems determine, based on numbers of the client requests and the proxy requests, that a transfer of ownership is to be performed from the first storage controller to a second storage controller in the cluster by determining that the second storage controller has provided a higher number of proxy

requests for the storage volume than the number of the client requests. Thus, NetApp's systems using SANtricity on E-Series controllers do not meet the limitations of at least claim 12.

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NetApp requests a declaration by the Court that it does not infringe, and has not infringed, any claim of the '571 Patent, either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents.

## COUNT III
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,904,686

23. NetApp incorporates and realleges the foregoing paragraphs.

24. Defendants allege that NetApp's products including its use of Hadoop Distributed File System ("HDFS") infringe the '686 Patent. Texas Complaint, ¶¶ 62, 21.

25. NetApp does not infringe, and has not infringed, any claim of the '686 Patent, either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents.

26. For example, method claim 1 of the '686 Patent—which Defendants allege that NetApp infringes—recites in part "applying a mapping function to data block numbers that are associated with a file, wherein the data block numbers are contained in an index node associated with said file; and obtaining mapped data block numbers after applying the mapping function, wherein the mapped data block numbers are addresses of data of the file in a storage device." Ex. 3 at 6:15-20.

27. But Defendants have not even shown that NetApp uses HDFS, let alone in the manner claimed. Further, NetApp's accused products at least do not apply a mapping function to data block numbers that are associated with a file, wherein the data block numbers are contained in an index node associated with said file, and then obtain mapped data block numbers after

applying the mapping function, wherein the mapped data block numbers are addresses of data of the file in a storage device. Thus, NetApp's accused products do not meet the limitations of at least claim 1.

28.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NetApp requests a declaration by the Court that it does not infringe, and has not infringed, any claim of the '686 Patent, either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents.

## COUNT IV
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,856,488

29.     NetApp incorporates and realleges the foregoing paragraphs.

30.     Defendants allege that NetApp's products including its systems using ONTAP infringe the '488 Patent. Texas Complaint, ¶ 77.

31.     NetApp does not infringe, and has not infringed, any claim of the '488 Patent, either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents.

32.     For example, claim 1 of the '488 Patent directed to a "network"—which Defendants allege that NetApp infringes—recites in part "a first electronic device associated with a first profile that uniquely identifies the first electronic device on the network; and a second electronic device coupled to the first electronic device; wherein the first profile is migrated to the second electronic device such that the first electronic device is no longer associated with the first profile." Ex. 4 at 7:21-31.

33.     During prosecution of the U.S. Patent Application No. 11/694,223—which issued as the '488 Patent—before the U.S. Patent & Trademark Office, applicants argued in an appeal brief that prior art cited by the examiner failed to teach or suggest claim 1's limitation "wherein

the first profile is migrated to the second electronic device such that the first electronic device is no longer associated with the first profile." U.S. Patent Appl. No. 11/694,223 file history (attached as Exhibit 7), Appeal Brief at 10 (June 2, 2010). Specifically, applicants argued that "transferring configuration information to the backup *filer fails to teach or suggest that the configuration information . . . is no longer associated with the primary filer or that the first electronic device (using the language of the claim) is no longer associated with the first profile*." *Id.* (emphasis added). Applicants also argued that, to meet claim 1, the configuration information in the prior art needed to be "*disassociated* from the primary filer." *Id.* at 9-10 (emphasis added); *see also* U.S. Patent Appl. No. 11/694,223 file history, Office Action Response dated Dec. 18, 2009, at 6 (applicants arguing that the prior art "Witte does not teach that the identifier is *actually disassociated from* the [first electronic device] VF1$_P$") (emphasis added). The application was allowed after the appeal brief on August 26, 2010.

34. Applicants' repeated and unequivocal arguments during prosecution—that claim 1 requires the first profile to be disassociated from the first electronic device—constitute a clear and unmistakable surrender of claim scope. Thus, at least under the doctrine of prosecution history estoppel, Defendants are barred from later asserting that claim 1 covers embodiments where the first profile is not disassociated with the first electronic device.

35. NetApp's systems using ONTAP at least do not include a first electronic device associated with a first profile that uniquely identifies the first electronic device on the network, wherein the first profile is migrated to the second electronic device such that the first electronic device is no longer associated with the first profile. Further, none of NetApp's systems disassociates the first profile from the first electronic device in the manner claimed. Thus, NetApp's systems using ONTAP do not meet the limitations of at least claim 1.

36. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NetApp requests a declaration by the Court that it does not infringe, and has not infringed, any claim of the '488 Patent, either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents.

## COUNT V
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,120,832

37. NetApp incorporates and realleges the foregoing paragraphs.

38. Defendants allege that NetApp's products including its SANtricity, as well as its systems that implement Apache Kafka Streams using RocksDB Universal Compaction, Apache Cassandra, and/or Apache HBase, infringe the '832 Patent. Texas Complaint, ¶ 92.

39. NetApp does not infringe, and has not infringed, any claim of the '832 Patent, either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents.

40. For example, method claim 25 of the '832 Patent—which Defendants allege that NetApp infringes—recites in part "intercepting communications between a computer system and said storage device; analyzing said intercepted communications; and reallocating at least some of said data on said storage device to enhance the performance of said storage device based on said analyzed communications." Ex. 5 at 14:5-11.

41. NetApp's accused products at least do not analyze intercepted communications and then reallocate at least some of said data on said storage device to enhance the performance of said storage device based on said analyzed communications. Thus, NetApp's accused products do not meet the limitations of at least claim 25.

42. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NetApp requests a declaration by the Court that it does not infringe, and has not infringed, any

claim of the '832 Patent, either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents.

## COUNT VI
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,640,332

43. NetApp incorporates and realleges the foregoing paragraphs.

44. Defendants allege that NetApp's products including its NetApp ONTAP and NetApp Trident which integrate with Kubernetes infringe the '332 Patent. Texas Complaint, ¶ 122.

45. NetApp does not infringe, and has not infringed, any claim of the '332 Patent, either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents.

46. For example, method claim 1 of the '332 Patent—which Defendants allege that NetApp infringes—recites in part "determining by a discovery services module which of the one or more grid nodes are running an application associated with the added new version of the application release bundle upon adding the new version of the application release bundle in the repository server" and "hot deploying/redeploying the new version of the application release bundle on running one or more application servers in an associated grid node using an appropriate hot deployment plug-in based on the data transfer protocol by a respective one of the client application managers." Ex. 6 at 7:37-51.

47. NetApp's accused products at least do not include a discovery services module that determines which of the one or more grid nodes are running an application associated with the added new version of the application release bundle upon adding the new version of the application release bundle in the repository server. Neither do the accused products hot deploy/redeploy the new version of the application release bundle on running one or more application servers in an associated grid node using an appropriate hot deployment plug-in based on the data transfer

protocol by a respective one of the client application managers. Thus, NetApp's accused products do not meet the limitations of at least claim 1.

48. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NetApp requests a declaration by the Court that it does not infringe, and has not infringed, any claim of the '332 Patent, either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents.

## JURY DEMAND

49. NetApp hereby demands trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, NetApp asks this Court to enter judgment in NetApp's favor and against Defendants by granting the following relief:

a) a declaration that NetApp does not infringe, and has not infringed, any claim of the Patents-in-Suit—including the '416 Patent, '571 Patent, '686 Patent, '488 Patent, '832 Patent, and '332 Patent—either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents;

b) a permanent injunction restraining Defendants, and their respective officers, agents, servants, employees, attorneys, and any other persons acting on their behalf or in concert with them, from charging or threatening, orally or in writing, that any claim of the Patents-in-Suit has been infringed by NetApp under any subsection of 35 U.S.C. § 271;

c) a finding based upon 35 U.S.C. § 285 that Defendants' continued enforcement of the Patents-in-Suit is exceptional; and

d) an award to NetApp of its reasonable attorneys' fees, costs, and all interest, and any such other and further relief as the Court finds just and proper.

Dated: July 25, 2025            Respectfully submitted,

*/s/ Krishnan Padmanabhan*
Krishnan Padmanabhan
kpadmanabhan@winston.com
WINSTON & STRAWN, LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 295-3564

Kathi Vidal (*pro hac pending*)
KVidal@winston.com
WINSTON & STRAWN, LLP
1901 L Street NW
Washington, DC 20036
Tel.: (214) 453-6500

Michael A. Bittner (*pro hac pending*)
MBittner@winston.com
WINSTON & STRAWN, LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Tel.: (202) 282-5000

*Attorneys for NetApp, Inc.*