

**FABRICANT**LLP

VINCENT J. RUBINO III

DIRECT: 646.797.4345
FAX: 212.257.5796

VRUBINO@FABRICANTLLP.COM

November 12, 2025

**VIA ECF**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     Request for Pre-Motion Conference in
        *NetApp, Inc. v. Valtrus Innovations Ltd., et al.*,
        Case No. 1:25-cv-06138-KPF (S.D.N.Y.)


Dear Judge Katherine Polk Failla:

Pursuant to Paragraph 4(A) of Your Honor's Individual Practices, Valtrus Innovations Ltd. and Key Patent Innovations Ltd. (collectively, "Defendants") hereby request a pre-motion conference regarding the filing of a motion to dismiss for lack of jurisdiction and motion to dismiss for failure to state a claim in this Action.

On May 9, 2025, Defendants filed an action for patent infringement against NetApp, Inc. ("NetApp"), the plaintiff in this action, in the Eastern District of Texas. *See Valtrus Innovations Ltd. v. NetApp, Inc.*, No. 2:25-cv-00517-JRG (E.D. Tex. May 9, 2025), alleging infringement of six patents.

This is a declaratory judgment action, in which NetApp seeks a declaration that it does not infringe the same six patents that were asserted in the original Eastern District of Texas action by Defendants. NetApp named both Valtrus Innovations Ltd. and Key Patent Innovations as defendants in this action. Defendants will be moving to dismiss the complaint for lack of jurisdiction and to dismiss the complaint for failure to state a claim.

Defendants are moving to dismiss the complaint for lack of jurisdiction under the first-to-file rule. This action was undisputedly filed later than the Eastern District of Texas action against the same six patents asserted in that case. "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Rsch Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). There are exceptions to the first-to-file rule, but "[t]he general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech, Inc. v. Eli Lilly & Co.*,

**FABRICANT LLP**

Hon. Katherine Polk Failla
November 12, 2025
Page 2

998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated by Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). There is complete overlap in these actions, where the same six patents are at dispute, and Plaintiff seeks non-infringement of the same patents. Defendants respectfully request this Court dismiss this action under the first-to-file rule, stay this action pending the Eastern District of Texas action, or transfer to the Eastern District of Texas, where that action is currently underway, the Court has already set a schedule, including a trial date, and the parties are engaging in discovery.

Defendants will also be moving to dismiss the Complaint for failure to state a claim for non-infringement, as it does not meet any rational pleading standards. Plaintiff's complaint offers no allegations of fact whatsoever in support of its six claims of non-infringement, merely alleging in boilerplate that its products do not infringe any claim of the asserted patents, followed by a recitation of one claim element for each patent. Complaint, ¶¶ 13, 19, 25, 31, 39, and 45. Plaintiff has not pled any facts regarding how its products work or why they do not practice the identified claim elements, and thus it must be dismissed for failure to state a claim. *E&E Co. v. London Luxury LLC,* 1:20-cv-09610 (LTS) (SDA), 2021 WL 5357474 at *3 (S.D.N.Y. Nov. 17, 2021).

We are available at the Court's convenience for a pre-motion conference.

Sincerely,

Vincent J. Rubino, III

cc:    Failla_NYSDChambers@nysd.uscourts.gov