**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NETAPP, INC., | ) | Civil Action No. 1:25-cv-6138 (KPF) |
| | ) | |
| Plaintiffs, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| VALTRUS INNOVATIONS LTD. and KEY | ) | |
| PATENT INNOVATIONS LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
VALTRUS INNOVATIONS LTD. AND KEY PATENT INNOVATIONS LTD.'S
MOTION TO DISMISS FOR LACK OF JURISDICTION AND
<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................. 2

     A.    The Parties ............................................................................................. 2

     B.    Valtrus and KPI Sue in EDTX; NetApp Countersues in SDNY ........... 2

III.   LEGAL STANDARDS ....................................................................................... 3

IV.   ARGUMENT ..................................................................................................... 5

     A.    The Declaratory Relief Case Should Be Dismissed or Transferred Under the First-to-File Rule or Stayed ............................................................... 5

     B.    In the Alternative, NetApp's Complaint Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6) .................................................... 7

V.    CONCLUSION .................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 ......................................................................................................8, 10

*Care Corp. v. Kiddie Care Corp.,*
344 F. Supp. 12 (D. Del. 1972)................................................................................7

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.,*
319 F.R.D. 269 (N.D. Cal. 2017)............................................................................9

*Commc'ns Test Design, Inc. v. Contec, LLC,*
952 F.3d 1356 (Fed. Cir. 2020)..........................................................................5, 7

*E&E Co. v. London Luxury LLC,*
571 F. Supp. 3d 64 (2021) ......................................................................................9

*Ford Motor Co. v. U.S.,*
811 F.3d 1371 (Fed. Cir. 2016)...............................................................................7

*Futurewei Techs. v. Acacia Rsch Corp.,*
737 F.3d 704 (Fed. Cir. 2013)............................................................................4, 5

*Genentech, Inc. v. Eli Lilly & Co.,*
998 F.2d 931 (Fed. Cir. 1993), *abrogated on other grounds by*
*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ....................................................5

*Gregory v. Daly,*
243 F.3d 687 (2d Cir. 2001), *as amended* (Apr. 20, 2001)....................................8

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,*
342 U.S.180 (1952)..................................................................................................6

*Mast, Foos & Co. v. Stover Mfg. Co.,*
177 U.S. 485 (1900)................................................................................................5

*Merial Ltd. v. Cipla Ltd.,*
681 F.3d 1283 (Fed. Cir. 2012)...............................................................................4

*In re Nitro Fluids L.L.C.,*
978 F.3d 1308 (Fed. Cir. 2020)...............................................................................5

*PetEdge, Inc. v. Marketfleet Sourcing, Inc.,*
No. 16-12562-FDS, 2017 WL 2983086 (D. Mass. July 12, 2017).........................10

*Pilot Inc. v. NOCO Co.*,
  No. CV-20-01452-PHX-SRB, 2021 WL 2188525 (D. Ariz. 2021) .......................................10

*Samsung Elecs. Co., Ltd. v. Solas Oled Ltd.*,
  No. 21 Civ. 5205 (LGS), 2022 WL 294631 (S.D.N.Y. Feb. 1, 2022) ......................................7

*Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*,
  12 F. Supp. 3d 320 (E.D.N.Y. 2014) ..................................................................................5, 6

*Sundstrand Corp. v. Am. Brake Shoe Co.*,
  315 F.2d 273 (7th Cir. 1963) ...................................................................................................6

*Tannerite Sports, LLC v. Jerent Enters., LLC*,
  No. 6:15-cv-00180-AA, 2016 WL 1737740 (D. Or. May 2, 2016).........................................10

*Topp-Cola Co. v. Coca-Cola Co.*,
  314 F.2d 124 (2d Cir. 1963)....................................................................................................6

*Valtrus Innovations LLC v. FedEx Corp.*,
  No. 2:25-cv-00516-JRG, Dkt. 13 (E.D. Tex., June 27, 2025) ......................................... *passim*

*Valtrus Innovations LLC v. NetApp, Inc.*,
  No. 2:25-cv-00517-JRG, Dkt. 8 (E.D. Tex., May 9, 2025) .....................................................3

*Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*,
  No. 16-cv-13456, 2017 WL 4535290 (E.D. Mich. Oct. 11, 2017)..........................................10

*Wilton v. Seven Falls* Co.,
  515 U.S. 277, 282 (1995)........................................................................................................7

**Rules**

Fed. R. Civ. P. 8............................................................................................................................10

Fed. R. Civ. P. 12(b)(6)................................................................................................................1, 8

## INDEX OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | Contact Us | Hewlett Packard Enterprise – HPE – Contact Sales and Support | HPE |
| B | Complaint for Patent Infringement in *Valtrus Innovations Ltd. and Key Patent Innovations Ltd.  v. NetApp, Inc.*, Case No. 2:25-cv-00517-JRG (Dkt. No. 1), dated May 9, 2025 (E.D. Tex.) |
| C | First Amended Complaint for Patent Infringement in *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. NetApp, Inc.*, Case No. 2:25-cv-00517-JRG (Member Case), Dkt. No. 39, dated August 11, 2025 (E.D. Tex.) |

## I.    INTRODUCTION

This declaratory judgment action should be dismissed or transferred to the Eastern District of Texas under the first-to-file rule. In the alternative, Defendants respectfully request staying this case pending the ongoing litigation of identical disputes in the Eastern District of Texas.

Defendants Valtrus Innovations Ltd. ("Valtrus") and Key Patent Innovations Ltd. ("KPI") (collectively, "Defendants") sued NetApp, Inc. ("NetApp") on May 9, 2025 in the United States District Court for the Eastern District of Texas for infringement of six patents (the "E.D. Tex. Action"). *Valtrus Innovations Ltd. v. NetApp, Inc.*, Case No. 2-25-cv-00517 (E.D. Tex). The E.D. Tex. Action has since been consolidated with another case (*Valtrus Innovations Ltd. v. FedEx Corp.*, Case No. 2-25-cv-00516 (E.D. Tex.)) for pretrial discovery matters, discovery is already underway, and the E. D. Tex. Court has issued a docket control order (including a trial date). *See id.*, Dkt. 36 (E.D. Tex. Aug. 4, 2025).

More than two months after the E.D. Tex. Action began, NetApp sued Defendants in this District seeking declaratory judgment of non-infringement of the same six patents asserted in the E.D. Tex Action (Counts 1-6). The claims and issues in this declaratory action case and the E.D. Tex. Action completely overlap: NetApp's products accused of infringement are the same, the six patents-in-suit are the same, and the parties are the same.

With these substantially overlapping facts, the first-to-file rule could not be clearer. The declaratory judgment action, if filed later than the infringement action, should be dismissed, stayed, or transferred to the forum of the infringement action. Were the Court to determine that this case should not be dismissed or stayed , or transferred to the Eastern District of Texas under the first-to-file rule, the case should be dismissed under Fed. R. Civ. P. 12(b)(6). NetApp has wholly failed to provide a factual basis for its claims of non-infringement. NetApp's Complaint includes no factual support. The Complaint merely repeats, for each claim, that it "does not

infringe, and has not infringed" and recites a single claim limitation that is allegedly not met for each claim of non-infringement.

## II.    BACKGROUND

### A.    The Parties

Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). HPE is headquartered in Spring, Texas, with a primary U.S. facility in Frisco, Texas. Ex. A ("HPE U.S. Offices").

Valtrus owns U.S. Patent Nos. 8,370,416 (the "'416 Patent"), 8,370,571 (the "'571 Patent"), 7,904,686 (the "'686 Patent"), 7,856,488 (the "'488 Patent"), 7,120,832 (the "'832 Patent"), and 7,640,332 (the "'332 Patent") (collectively, the "Patents-in-Suit"). Exs. 1-6.

Valtrus is an Irish entity with its principal place of business located at: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland. Complaint, ¶ 3. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Patents-in-Suit. KPI is an Irish entity with its principal place of business located at: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland. *Id.*, ¶ 4.

NetApp is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 3060 Olsen Drive, San Jose, California 95128. *Id.*, ¶ 2.

### B.    Valtrus and KPI Sue in EDTX; NetApp Countersues in SDNY

After years of failed licensing discussions, on May 9, 2025, Defendants filed a complaint against NetApp in the Eastern District of Texas (the "E.D. Tex. Action"), Ex. B, Original Complaint in E.D. Tex. Action. In the E.D. Tex. Action, Valtrus and KPI assert six patents against NetApp. *Valtrus Innovations Ltd. v. NetApp, Inc.*, Case No. 2-25-cv-00517 (E.D. Tex). The six

patents asserted in the E.D. Tex. Action are the same six patents NetApp now seeks declaratory relief in this declaratory relief action.

NetApp was served on May 22, 2025. *Valtrus Innovations LLC v. NetApp, Inc.*, No. 2:25-cv-00517-JRG, Dkt. 8 (E.D. Tex., May 29, 2025). On June 27, 2025, the Eastern District of Texas ordered the E.D. Tex. Action to be consolidated for all pretrial issues with a co-pending case, Case No. 2:25-cv-00516. *See Valtrus Innovations LLC v. FedEx Corp.*, No. 2:25-cv-00516-JRG, Dkt. 13 (E.D. Tex., June 27, 2025). On July 28, 2025, NetApp filed a Motion to Dismiss for improper venue. *Id.*, Dkt. 31 (E.D. Tex., July 28, 2025). Defendants subsequently filed a First Amended Complaint on August 11, 2025 in response to the Motion to Dismiss. *See id.*, Dkt. 39 (E.D. Tex., Aug. 11, 2025). On September 5, 2025, NetApp filed a Renewed Motion to Dismiss. *See id.,* Dkts. 53, 57-59 (E.D. Tex.). Discovery is ongoing in the E.D. Tex. Action, including venue-related discovery related to NetApp's Motion to Dismiss.

On July 25, 2025, despite ongoing litigation for the same matters in the Eastern District of Texas and just days prior to filing its Motion to Dismiss in the E.D. Tex. Action, NetApp filed a Complaint for Declaratory Judgment against Defendants in this Court. Dkt. 1 ("Complaint"). The Complaint asserts claims for declaratory judgment of non-infringement as to the Patents-in-Suit. In its Complaint, NetApp offers five paragraphs addressing support for jurisdiction and venue. *Id.*, ¶¶ 6-10. NetApp's allegations are based nearly entirely on "information and belief", offer no supporting evidence, and, even if accepted as fact, plainly fail to establish jurisdiction.

## III.    LEGAL STANDARDS

In a patent case, a federal district court looks to Federal Circuit law in applying the first-to-file rule. *See Futurewei Techs., Inc. v. Acacia Rsch Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by the circuit's law."); *In re VoIP-PAL.com, Inc.*,

845 F. App'x 940, 942 (Fed. Cir. 2021) ("The question of whether to decline jurisdiction over a declaratory judgment action under the first-to-file rule is governed by Federal Circuit law."); *Samsung Elecs. Co. v. Solas Oled Ltd.*, No. 21 Civ. 5205 (LGS), 2022 WL 294631, at *2 (S.D.N.Y. Feb. 1, 2022). The first-to-file rule is a principle of federal comity that "permits a district court to decline [to exercise] jurisdiction when a complaint involving substantially similar parties and issues has been filed in another district court." *See Futurewei Techs.*, 737 F.3d at 707. "This 'first-to-file' rule exists to 'avoid conflicting decisions and promote judicial efficiency.'" *Id.* at 708 (quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)).

"When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Id.* There are exceptions to the first-to-file rule, but "[t]he general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated by Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). The burden to demonstrate an exception to the first-to-file rule is on the party seeking the exception. *In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1311 (Fed. Cir. 2020).

"When one of two competing suits in a first-to-file analysis is a declaratory judgment action, district courts enjoy a 'double dose' of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action *and* discretion when considering and applying the first-to-file rule and its equitable exceptions." *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020); *see also Samsung Elecs. Co.*, 2022 WL 294631, at *3. A district court has broad discretion to decline to hear a declaratory judgment action provided it "acts in accordance with . . . principles of sound judicial discretion" and "the purposes of the Declaratory

Judgment Act[, which] in patent cases is to provide the allegedly infringing party relief from uncertainty and delay." *Commc'ns Test Design*, 952 F.3d at 1361-63 (internal quotation marks and citation omitted). This generally recognized doctrine of federal comity permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *See Futurewei Techs.*, 737 F.3d at 707; *Mast, Foos & Co. v. Stover Mfg. Co.*, 177 U.S. 485, 488, (1900); *Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*, 12 F. Supp. 3d 320, 324 (E.D.N.Y. 2014).

## IV.    ARGUMENT

### A.    The Declaratory Relief Case Should Be Dismissed or Transferred Under the First-to-File Rule or Stayed

There is complete overlap between this declaratory relief action and the first-filed E.D. Tex. Action. This Court should dismiss this case or transfer the case to EDTX under the first-to-file rule, or stay the case pending resolution of the E.D. Tex. Action.

The first-to-file rule should be applied here to "avoid conflicting decisions and promote judicial efficiency." *Samsung Elecs. Co.*, 2022 WL 294631, at *3 (citing *Futurewei Techs.*, 737 F.3d at 708)). When one of the actions is "for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs.*, 737 F.3d at 708.

Here, Valtrus and KPI filed the E.D. Tex. Action two and a half months before NetApp filed its declaratory judgment action in this Court. *Compare* Ex. B (E.D. Tex. Complaint) *with* Dkt. 1. The claims and issues in NetApp's declaratory judgment action and the E.D. Tex. Action completely overlap: NetApp's products accused of infringement are the same, the six patents are the same, and the parties are the same. Valtrus and KPI are parties to both; they are plaintiffs in the E.D. Tex. Action and the defendants here. NetApp is the plaintiff here and the defendant in the

E.D. Tex. Action. . Counts 1-6 of NetApp's Complaint seek declaratory judgment of non-infringement by the same NetApp products accused of infringement in the E.D. Tex. Action. Dkt. 1. NetApp may plead each as a defense in the E.D. Tex. Action, and it can also counterclaim for the same declaratory relief. Counts 1-6 of this declaratory judgment action also seek a declaration of non-infringement of the same six patents asserted in the E.D. Tex. Action: U.S. Patent Nos. 8,370,416; 8,370,571; 7,904,686; 7,856,488; 7,120,832; and 7,640,332.

Dismissing this case would allow one court – the E.D. Tex. Court - to resolve these disputes between the parties and avoid the inefficiencies of duplicate, parallel actions tackling the same issues.. In the alternative, Defendants respectfully request this Court to stay the declaratory judgment action pending the ongoing E.D. Tex. Action. *See Samsung Elecs. Co.*, 2022 WL 294631, at *2 ("When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be ***stayed***, dismissed, or transferred to the forum of the infringement action.") (emphasis added and internal citation omitted).

NetApp will likely make much of its pending Motion to Dismiss the E.D. Tex. Action for improper venue, contending that this declaratory relief action will be the true first-filed case if the E.D. Tex. Court grants NetApp's Renewed Motion to Dismiss. However, this Court should not rely on NetApp's speculations. NetApp should not be rewarded for running to the courthouse with a declaratory judgment action just before filing its Motion to Dismiss in the E.D. Tex. Action. Valtrus and KPI are the true plaintiffs and the parties should be litigating in the forum selected by Valtrus and KPI (EDTX), regardless of NetApp's procedural maneuvers.

**B.    In the Alternative, NetApp's Complaint Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6)**

In ruling on a Motion to Dismiss for failure to state a claim, the court must accept the factual allegations in the Complaint as true and draw all reasonable inferences in favor of the non-moving party. *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001), *as amended* (Apr. 20, 2001). To survive a Motion to Dismiss under Fed. R. Civ. P.12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

Here, NetApp's Complaint offers *no allegations of fact* in support of any of its six claims of non-infringement. *See* Complaint ¶¶ 11-48. Plaintiff is apparently unaware of any facts that support its claims of non-infringement, as it alleges the following boilerplate language for each claim: "NetApp does not infringe, and has not infringed, any claim of the [Asserted Patent], either directly (whether individually or jointly), indirectly (whether contributorily or by inducement), or under the doctrine of equivalents." *Id.*, ¶¶ 13, 19, 25, 31, 39, and 45. In support of its non-infringement claims, NetApp merely copies a single claim limitation for each of the Patents-in-Suit, and states, without any factual support, that NetApp's products accused of infringement do not perform that claim limitation. "[Plaintiff] fails to plead factual allegations regarding non-infringement, and its conclusory allegations plainly are not sufficient to state a plausible claim for non-infringement." *E&E Co. v. London Luxury LLC*, 571 F. Supp. 3d 64, 68 (2021).

NetApp's allegations in this declaratory relief action are similar to the allegation considered in *E&E Co.* There, plaintiff's declaratory judgment counterclaim for non-infringement "allege[d] that 'London Luxury does not infringe the '376 patent because the accused products do

not practice each claim of the '376 patent.'" *Id*. at 68. The court in *E&E Co.* held that plaintiff's allegation was "conclusory and insufficient to state a claim." *Id*. The same result should be reached in this case, as NetApp's allegations are similarly conclusory and lack any factual underpinnings.

Courts in other districts have consistently reached the same holding as *E&E Co.* on the same facts presented here. *See Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273 (N.D. Cal. 2017) (dismissing non-infringement claim and noting "the amended complaint must go beyond only stating in conclusory terms that each accused product or service meets the elements of non-infringement and must also set forth factual allegations showing *how* each accused product or service specifically does not meet at least one claim limitation, such that it does not infringe the asserted patent"); *Tannerite Sports, LLC v. Jerent Enters., LLC*, No. 6:15-cv-00180-AA, 2016 WL 1737740, at *4 (D. Or. May 2, 2016) (dismissing non-infringement counterclaim when defendant only stated it had not infringed on the plaintiff's patent and failed to point to any specific facts in its incorporated "facts" section); *Pilot Inc. v. NOCO Co.*, No. CV-20-01452-PHX-SRB, 2021 WL 2188525, *4 (D. Ariz. 2021) (ruling that the accused infringer must plead facts showing that its arguments of non-infringement and invalidity are plausible, *i.e.*, the accused infringer is "required to plead its counterclaims in accordance with Rule 8, *Twombly*, and *Iqbal*" thus the "threadbare" allegations that defendant "has not infringed and does not infringe any valid and/or enforceable claim of the '653 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise" failed to state a claim); *Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, No. 16-cv-13456, 2017 WL 4535290, *3-*5 (E.D. Mich. Oct. 11, 2017) (dismissing, with leave to amend, accused infringer's boiler plate declaratory judgment counterclaims of non-infringement and invalidity with no facts pled as to why the accused product did not infringe); *PetEdge, Inc. v. Marketfleet Sourcing, Inc.*, No. 16-12562-FDS, 2017 WL

2983086, *3 (D. Mass. July 12, 2017) (dismissing non-infringement declaratory judgment counterclaim since the accused infringer had failed to plead any specific facts for why its accused product did not infringe.)

Accordingly, should the Court find that transferring this case under the first-to-file rule is not appropriate, the Court should dismiss NetApp's Complaint for failure to state a claim, because NetApp has provided no allegations of fact for its six claims of non-infringement.

## V.    CONCLUSION

For the reasons described herein, the Court should dismiss or stay NetApp's Complaint for Declaratory Judgment under the first-to-file rule or, in the alternative, for failure to state a claim.

Dated:  November 12, 2025                    Respectfully submitted,

*/s/ Vincent J. Rubino, III*
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile:  (212) 257-5796

***ATTORNEYS FOR DEFENDANTS***
***VALTRUS INNOVATIONS LTD. and***
***KEY PATENT INNOVATIONS LTD.***

### **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2025, the foregoing was filed electronically with the

Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of

record.

*/s/ Vincent J. Rubino, III*
Vincent J. Rubino, III

### **CERTIFICATE OF WORD COUNT**

I hereby certify, pursuant to Local Civil Rule 7.1(c), the foregoing complies with the word

count limitations totaling 2,709 words.

*/s/ Vincent J. Rubino, III*
Vincent J. Rubino, III